**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES of AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MAURICIO CONTRERAS-BURITICA, : <br> : <br> Defendant. : <br> : <br> : | Criminal Action No. 08-80 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the *pro se* motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Mauricio Contreras-Buritica ("Contreras"). On June 30, 2025, Defendant filed a motion for compassionate release from incarceration and reduction of sentence, alleging extraordinary and compelling reasons on three grounds: 1) intervening changes in law; 2) long sentence disparity; and 3) rehabilitation of the defendant. The Government has opposed Defendant's motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

On October 7, 2009, after a guilty plea, Defendant was sentenced to 365 months' imprisonment for a charge of conspiracy to import more than 5 kilograms of cocaine. Following changes to the drug quantity table under U.S.S.G. § 2D1.1(c), on May 17, 2016, Defendant was resentenced to 293 months' imprisonment.

Defendant moves for a reduction in sentence on the ground that extraordinary and compelling reasons warrant such a reduction. While Defendant asserts three arguments about extraordinary and compelling reasons, the first ground and second ground are facets of one issue.

1

Defendant contends that, in April of 2025, the United States Sentencing Commission "adopted [an] amendment to cap the offense level of drug tables." (Pl.'s Br. at 3.) Defendant contends that this constitutes an intervening change in the law, and also that it has resulted in sentencing disparities. In opposition, the Government argues that Defendant is mistaken and that the Sentencing Commission has, at this point in time, merely proposed an amendment to the sentencing guidelines, related to the drug quantity table, but that the proposal has not yet been made effective. The Court finds that the proposed amendment to the Sentencing Guidelines does not constitute an intervening change in law.

Defendant additionally argues for the existence of other sentencing disparities that have adversely affected him. Defendant contends that he was given an unusually long sentence and that this, in and of itself, constitutes a problematic sentencing disparity. In opposition, the Government points out that Defendant received a sentence within the range determined by application of the Sentencing Guidelines and that, given that, his sentence cannot be considered to be unusually long. The Court finds the Government's position persuasive and finds that Defendant has not established that his sentence is unusually long or that similarly-situated defendants receive shorter sentences.

Defendant also contends that he has been adversely affected by a sentencing disparity that arises from the fact that he is not a citizen. Defendant argues that, in short, the law discriminates against non-citizen offenders and denies them eligibility for certain sentence reductions, along with other kinds of discriminatory treatment. In response, the Government does not dispute the accuracy of Defendant's contention that non-citizens are not eligible for a certain kind of sentence reduction that is available to citizens. Nonetheless, the Government argues, Defendant has not argued that he has been treated differently from other non-citizens,

and that a factor that applies equally to all not-citizen inmates cannot be extraordinary and compelling. The Court agrees with the Government that this does not constitute an extraordinary and compelling circumstance warranting a reduction in sentence.

Defendant also contends that he is ineligible for placement into a minimum-security facility because of his immigration status. In opposition, the Government points out that this Court lacks jurisdiction to hear a challenge to the execution of his sentence by the Bureau of Prisons, and that Defendant must seek such relief by way of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and must file in the judicial district in which he is confined (presently, the Southern District of Mississippi). The Court agrees that it lacks jurisdiction to hear Defendant's claim against the Bureau of Prisons about his eligibility for placement in a different facility.

Defendant also contends that he "has demonstrated an extraordinary rehabilitation" due to the number of educational programs he has completed while incarcerated. (Pl.'s Br. at 4.) In opposition, the Government quotes 28 U.S.C. § 994(t): "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." The statutory language negates Defendant's argument.

The Court thus finds that Defendant has failed to demonstrate that, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons warrant a reduction in sentence. Moreover, pursuant to 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), and determines that these factors do not support a reduction in sentence. Specifically, the Court finds that the need for the sentence to reflect the seriousness of the offense, pursuant to 18 U.S.C. § 3553(a)(2)(A), weighs against a reduction of the sentence. Defendant was connected to the shipments of 8 kg and 20 kg of cocaine prior to his arrest. (PSR

at ¶¶ 11, 18.) After Defendant's arrest and during his detention in federal custody, Defendant attempted to arrange a sale transaction involving a further 35 kg of cocaine and $625,000 in cash. (PSR at ¶ 23.) While detained post-arrest, Defendant also arranged for another inmate to be beaten and injured. (PSR at ¶ 25.) Given these facts, the Court finds that the need for Defendant's sentence to adequately reflect the seriousness of the offense more than justifies denying Defendant's motion to reduce his sentence. Furthermore, the Court considers the need for the sentence to afford adequate deterrence to criminal conduct, pursuant to 18 U.S.C. § 3553(a)(2)(B), and finds that a reduction in sentence would impair the adequacy of the sentence to deter crime both specifically and generally. Consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against a reduction of sentence.

Defendant's motion for reduction of sentence must be denied.

For these reasons,

**IT IS** on this 22nd day of August, 2025,

**ORDERED** that Defendant's motion for reduction of sentence (Docket Entry No. 125) is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J